IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                                                                   ORDER

Plaintiff,

                                                                   09-cv-182-bbc
                                                                   06-cr-109-jcs

v.

BOBBY WEBSTER,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Defendant Bobby Webster has failed a motion for postconviction relief under 28 U.S.C. § 2255, contending that he was denied the opportunity to appeal from the sentence imposed on him on December 27, 2007. Unfortunately for defendant, he waited too long to file his motion, which means that it must be dismissed as untimely.

BACKGROUND

      Defendant was sentenced by Judge John C. Shabaz on October 19, 2005, on his plea of guilty to the charge of distribution of 5 grams or more of cocaine base. He was sentenced to a term of 170 months. After he appealed, the Court of Appeals for the Seventh Circuit

1

remanded the case for re-sentencing because Judge Shabaz had inadvertently failed to give him an opportunity to speak before he was sentenced. At a re-sentencing hearing held on December 27, 2007, I sentenced defendant to a term of 151 months. The amended judgment was docketed on January 4, 2008.

Defendant alleges that he asked his counsel to appeal and assumed that she had done so until March 10, 2009, when he received a letter from his counsel, dated January 2, 2008. According to the letter, counsel had discussed with defendant filing an appeal but that they had reached the conclusion that there were not any issues worth appealing. Defendant denies that he had such a conversation or that he would have agreed not to file an appeal.

Defendant filed this motion on March 31, 2009. It was not the only filing he had submitted. On March 13, 2008, he filed a motion under 18 U.S.C. § 3582, asking for a reduction of his sentence under the newly amended crack cocaine guidelines. That motion was denied, because defendant's sentence had been determined on the basis of his career offender status and not on the amount of crack cocaine for which he was held responsible. In October 2008, defendant filed a motion for transcripts of his plea and sentencings. He was told that the transcripts were available for $.10 a page.

Briefing was set on defendant's postconviction motion. The government responded with a brief in which it argued why defendant's motion was untimely. Defendant has not submitted a reply.

OPINION

The statute governing federal postconviction proceedings, 28 U.S.C. § 2255, sets a one-year limitation period for the filing of a postconviction motion. Under subsection (f) of the statute,

[t]he limitation period shall run from the latest of--

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Defendant filed this motion on March 31, 2008, which was about one year and 70 days after defendant's conviction had become final on January 21, 2008. (January 21, 2008 was ten days after entry of judgment, excluding weekends and the Martin Luther King holiday. Fed. R. App. P. 4 (appeal in criminal case must be filed within 10 days of entry of judgment).). Even if the date of filing is considered to be March 26, 2009, the date on which defendant signed the motion, it is still untimely.

Defendant says that he did not know that his counsel had not filed an appeal until

3

he received her letter more than fourteen months after it had been mailed. This may be true but it does not change the disposition of his motion. Defendant cannot ignore his own responsibility for checking on his appeal. His § 3582 filing and his request for transcripts show that he was fully capable of seeking assistance from the court. When several months had passed and he had heard nothing about an appeal, he should have checked with this court about the status of the appeal.

Defendant has not shown that he was prevented by the government from filing a timely motion, that he is bringing his motion to assert a right that the Supreme Court had not recognized until recently or that he is relying on facts he could not have discovered earlier even through due diligence. Therefore, his motion must be denied as untimely.


ORDER

IT IS ORDERED that defendant Bobby Webster's postconviction motion brought under 28 U.S.C. § 2255 is DENIED as untimely.

Entered this 15th day of June, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

4